UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMBERTO FEIJOO,<br>    Plaintiff,<br><br>  v.<br><br>MASSACHUSETTS DEPARTMENT OF<br>CORRECTION, ET AL.,<br>    Defendants. | )<br>)<br>)<br>)  C.A. No. 10-11951-JLT<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

TAURO, D.J.

  On November 5, 2010, Plaintiff Humberto Feijoo ("Feijoo"), a prisoner in custody at Bridgewater State Hospital ("BSH") in Bridgewater, Massachusetts, filed a civil rights action against the Massachusetts Department of Correction ("DOC"), Dr. Khalid Khan, the Medical Director of Mental Health Management ("MHM"), Superintendent Robert Murphy, and Vanessa Cameron, a Mental Health Worker for MHM. Feijoo claims that he is in custody at Bridgewater State Hospital ("BSH") due to overcrowding and because he needs an infirmary setting.[1] He asserts he is an individual with a disability within the meaning of the Americans With Disabilities Act ("ADA"), relying on a wheelchair for mobility because of his multiple sclerosis.

  In brief, Feijoo alleges that he is being excluded from, or denied, reasonable access to services and benefits available to non-disabled prisoners. He claims, *inter alia*, that: (1) he is not afforded the ability to socialize with inmates (rather than with patients at BSH); (2) he is placed with mentally ill patients and faces a daily risk of harm; (3) he cannot purchase razors to shave

---

[1]This action was initially assigned to Judge George A. O'Toole, Jr. as related to Civil Action No. 06-12226-GAO; however, this action was reassigned because it is not related for case assignment purposes. See United States District Court Local Rule 40.1(G) (Assignment of Cases; Related Civil Cases).

because patients at BSH might misuse them if obtained illegally; (4) he is denied use of a gym because he is in a wheelchair and there are obstacles preventing him from entering the gym; (5) he cannot purchase beverages containing caffeine; (6) he cannot purchase nail clippers for personnel hygiene as BSH does not allow these items; (7) he is not allowed daily showers or use of the toilet when needed; (8) he is denied special footwear to use with his leg braces based on an error on his Master Property List; (9) he is not allowed to possess his slide board used to transfer from bed to wheelchair when needed; (10) he is not allowed to open windows for ventilation when needed; (11) he is subject to 24 hour video camera surveillance while other inmates in the general population are not; and (12) he is not eligible to have a single cell, and this violates a Settlement Agreement with the DOC that states he must be housed in a handicap accessible "cell." Additionally, Feijoo claims that the DOC and MHM have violated a 1997 Settlement Agreement, and that the Defendants have failed to modify the policies, practices and procedures at BSH to accommodate his disabilities. Count I of the Complaint alleges discrimination on the basis of disability in violation of the ADA; Count II is an Eighth Amendment claim for cruel and unusual punishment.

Feijoo seeks declaratory and injunctive relief as well as monetary damages.

Accompanying his Complaint, Feijoo filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), and a Motion for Appointment of Counsel (Docket No. 3).

## DISCUSSION

I. The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Feijoo's financial disclosures, this Court finds he lacks sufficient funds to pay the filing fee for this action. Accordingly, his Motion for Leave to Proceed *in forma*

*pauperis* (Docket No. 2) is <u>ALLOWED</u>. However, because Feijoo is a prisoner, he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).

In light of this, it is hereby Ordered that:

1. Plaintiff Feijoo is assessed an initial partial filing fee of <u>$173.88</u> pursuant to 28 U.S.C. § 1915(b)(1)(B);[2]

2. The remainder of the fee <u>$176.12</u> is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

This assessment is made apart from any other assessments made in other civil actions filed by Feijoo; however, because Feijoo is a frequent filer, for purposes of clarification for crediting any funds received, and to facilitate proper record-keeping by the Treasurer's Office at BSH and by the Clerk's Office Accounting Department, this Court intends that any funds received from Feijo's prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915.[3]

---

[2]The prison account statement does not indicate the average monthly balances or deposits for the six-month period preceding the filing of the Complaint. Therefore, this assessment was based on a manual calculation of the monthly balances and the monthly deposits for the six-month period preceding the filing of the Complaint. The assessment above constitutes 20% of the greater of the two figures (*i.e.*, the balance), as required by 28 U.S.C. § 1915(b)(1). This assessment is without prejudice to his seeking reconsideration provided he submit an alternative calculation based on credible evidence in accordance with 28 U.S.C. § 1915(b). Additionally, this assessment is made notwithstanding that Feijoo may not presently have sufficient funds in his account to pay the initial partial filing fee. Section 1915(b)(1) of Title 28 requires that the Court assess the fee, but the fee is to be collected "when funds exist." 28 U.S.C. § 1915(b)(1).

[3]In other words, Feijoo's filing fee obligation in this action shall be collected consecutively and not simultaneously with any prior filing fee obligation imposed by any court. See <u>Ruston v. NBC Television</u>, USCA No. 06-4672-cv (2d Cir. 2009) <u>citing</u> <u>Whitfield v. Scully</u>, 241 F.3d 264, 277 (2d Cir. 2001). See also <u>Lafauci v. Cunningham</u>, 139 F. Supp. 2d 144, 147 (D. Mass. 2001) (reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

II.     Motion for the Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[4]  However, a civil plaintiff lacks a constitutional right to free counsel.  Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id.  To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  Id. at 24.

The Court is cognizant that in connection with a prior civil action, Feijoo v. Massachusetts Department of Correction, et al., C.A. 06-12226-GAO, presenting similar civil rights and ADA claims, this Court appointed pro bono counsel for Feijoo.  In view of Feijoo's circumstances, and after a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, this Court finds that appointment of *pro bono* counsel is warranted in this action as well.  Accordingly, his Motion for Appointment of Counsel (Docket No. 3) is ALLOWED, and the matter is referred to the Court's *Pro Bono* Coordinators to obtain counsel for Feijoo.

III.    Summonses and Service; Filing of an Amended Complaint

No summonses shall issue at this time in light of this Order.  If and/or when counsel is

---

[4]In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. cf. 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and payment under the Criminal Justice Act).

4

appointed, he/she shall have 30 days from the date of the Order of Appointment to file an Amended Complaint if counsel deems it appropriate. At that time, *pro bono* counsel shall make a request to the Clerk for the issuance of summonses with respect to the named Defendants in the Complaint (or any Amended Complaint), and the Clerk shall issue summonses.

Upon the issuance of summonses, the United States Marshal is directed to effect service of process as directed by the Plaintiff, and shall advance the costs of service.

## CONCLUSION

ACCORDINGLY, for the foregoing reasons, it is hereby ORDERED:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>, and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. Plaintiff's Motion for Appointment of *Pro Bono* Counsel (Docket No. 3) is <u>ALLOWED</u>;

3. No summonses shall issue at this time; upon appointment, *pro bono* counsel shall have 30 days to file an Amended Complaint if appropriate, and counsel shall request that the Clerk issue summonses;

4. If requested to do so by *pro bono* counsel, the Clerk shall issue summonses; and

5. Upon the issuance of summonses, the United States Marshal shall effect service of process as directed by the Plaintiff, and shall advance the costs of service.

SO ORDERED.

/s/ Joseph L. Tauro
UNITED STATES DISTRICT JUDGE

DATED: December 13, 2010